**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **PRAXIS ENERGY AGENTS PTE. LTD.** | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 2:17-CV-03390** |
| **v.** | § | **JUDGE_________________________** |
| **M/V QING QUAN SHAN, IMO NO. 9741530, her engines, freights, apparel, appurtenances, tackle, etc., *in rem*,** | § | **MAG. JUDGE ____________________** **IN ADMIRALTY** |
| **Defendants.** | § | |

**VERIFIED COMPLAINT**

COMES NOW Plaintiff, PRAXIS ENERGY AGENTS PTE. LTD. (hereinafter "Praxis" or "Plaintiff"), by and through its undersigned counsel, as and for its Original Verified Complaint against the Defendant M/V QING QUAN SHAN, IMO No. 9741530, her engines, freights, apparel, appurtenances, tackle etc., *in rem*, (hereinafter "QING QUAN SHAN" or "Vessel"), alleges and pleads as follows:

**JURISDICTION AND VENUE**

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This case falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and § 31341 of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343 ("CIMLA"), and is brought under the provisions of Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereinafter "Rule C").

2. Jurisdiction is founded on the presence within the District of the QING QUAN SHAN, which may be arrested to enforce a maritime lien in accordance with the provisions of Rule

C, as pled below. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because the Vessel is or will be during the pendency of this action at the Belle Chase Anchorage at the Port of New Orleans.

## THE PARTIES

3. At all times material hereto, Plaintiff, Praxis, is a foreign corporation with a principal place of business in Singapore which is engaged in the business of providing maritime necessaries to ships, namely bunkers.

4. Defendant M/V QING QUAN SHAN was and is an ocean-going cargo vessel, registered in Hong Kong, with IMO number 9741530, with a call sign of VRPL7, and is now, or will be during the pendency of this action, within the Eastern District of Louisiana, and subject to the jurisdiction and venue of this Honorable Court. Upon information and belief, the Vessel's registered owner is Oriental Fleet International.

## FACTS

5. Praxis was the supplier of bunkers to the M/V QING QUAN SHAN pursuant to a maritime contract dated January 16, 2017. Praxis brings this action in order to recover amounts indisputably due and owing for the supply of bunkers to the Vessel. A copy of the Bunker Nomination is attached hereto as **Exhibit 1**.

6. The Bunker Nomination incorporates Praxis' Terms and Conditions of sale for marine bunkers. *Id*. A copy of Praxis' Terms and Conditions of 2013 is attached hereto as **Exhibit 2**.

7. Praxis entered into the agreement for the supply of bunkers to the Vessel with Sinoriches Enterprises Co. Ltd. ("Sinoriches") for and on behalf of the Vessel. The agreement was for the account of "M/V QING QUAN SHAN and/or China Shipping Nauticgreen and/or

Master and/or Owner and/or Managers and/or Operator and/or Sinoriches Enterprises Co Ltd" and called for Plaintiff to provide bunkers to the Vessel. *See* **Exhibit 1**.

8. Praxis timely delivered the bunkers to the Vessel at the port of Singapore, on or about January 19, 2017, as set out in the Bunker Delivery Note (attached hereto as **Exhibit 3**). The Bunker Delivery Note bears the signature of the Chief Engineer and bears the Seal of Vessel. *Id*.

9. By signing the Bunker Delivery Note, the Chief Engineer acted on behalf of the Vessel and her owner and/or operator and/or charterer to procure bunkers, and thereby accepted them for the Vessel.

10. The bunkers delivered to the Vessel were necessary to the accomplishment of her mission; to wit: trade worldwide as a commercial ship.

11. The Vessel and her owners received the benefit of such services, are indebted to Plaintiff, and are obligated to pay for the aforementioned goods and services. An invoice numbered 20020 for the bunker delivery was issued on January 19, 2017 to the Vessel and/or her Owners for the amount totaling USD 281,270.29. A copy of the Invoice is attached hereto as **Exhibit 4**.

12. Although payment was due by February 17, 2017, no payment has been received. In breach of the bunker supply agreement, Owners wrongfully refused, neglected, and/or otherwise failed to timely pay the amount indisputably owed totaling USD 281,270.29.

13. Pursuant to Clause 12.01.4 of Praxis' Terms and Conditions (*see* **Exhibit 2**, p. 4), incorporated by reference into the bunker sales contracts (*see* **Exhibit 1**), any delay in payment shall result in the Buyer[1] being obligated to pay "default interest/late payment charges at the rate

---

[1] Under Praxis' Terms and Conditions, Buyer is defined to include, *inter alia*, the Vessel supplied and, jointly and severally, her owner, lessor, charterer, lessee, and "any other party which has contracted with [Praxis] for the particular supply of Product and is stated as a buyer in the Nomination Confirmation". *See* Exhibit 2, Clause 2.04.

of two (2) percent per month on the principal amount due from the due date of actual full payment of the principal".

14. Pursuant to Clause 12.01.10 of Praxis' Terms and Conditions, the Buyer agrees to pay "[t]he full legal and other costs and expenses incurred by [Praxis] including those of [Praxis'] own legal department and of other lawyers it may employ in connection with any breach by the Buyer of any term of the [a]greement". *See* **Exhibit 2**, p. 5. To date, Plaintiff has incurred costs in connection with the collection of this overdue amount and are presently estimated to be in an amount of no less than USD 10,000.00. Further, under Clause 15.00 of the Terms and Conditions governing the contract for the sale and supply of bunkers to the QING QUAN SHAN, the Vessel is bound to indemnify the Plaintiff for any and all damages and/or costs suffered or otherwise incurred by the Plaintiff due to a breach of the contract. *See* **Exhibit 2**, p. 6.

15. Accordingly, the total amount due and owing to Praxis as a result of the breach of contract for the bunker delivery to the Vessel is USD 281,270.29, plus costs, fees, and interest.

16. The Vessel received the benefit of the services and necessaries Plaintiff provided to the Vessel, which is therefore indebted to Praxis and obligated to pay for the aforementioned goods and services.

17. Under Clause 22.01 of the Terms and Conditions governing the contract for the sale of bunkers to the Vessel (*see* **Exhibit 2**, p. 7), the laws of the United States are applicable at Plaintiff's option for the purpose of enforcing a maritime lien and securing payment of the amounts due and owing to Plaintiff. Accordingly, Plaintiff may and does now seek enforcement of a maritime lien for the supply of necessaries, *i.e.* bunker fuel, under the provisions of 46 U.S.C. §§ 31341 *et seq*.

**ALLEGATIONS IN SUPPORT OF RULE C ARREST**

18. Plaintiff repeats and re-alleges all matters alleged in the above and foregoing Verified Complaint, and for its further and additional admiralty *in rem* claims against Defendant, alleges and pleads as follows:

19. As a result of the failure to pay the amounts owed to Plaintiff for the bunkers supplied to the Vessel, under the terms of the Confirmation of Order and Praxis's Terms and Conditions, Plaintiff's claim for the amount of **USD 281,270.29**, attaches as a maritime lien on the said vessel in favor of Plaintiff and is enforceable against the Vessel *in rem* under the provision of 46 U.S.C. § 31341 *et seq*.

20. Plaintiff also seeks its applicable costs, fees, and interest in this matter. It is common in Rule C arrest cases for the security to be set at one and a half (1.5) times the fairly-stated claim, and therefore Plaintiff seeks an Order of Arrest of the Vessel as security for the amount of **USD 421,000**. *See* Supplemental Rule E(5) (permitting substitute security up to twice the amount of Plaintiff's fairly stated claim to cover interest, costs, and fees, etc.).

21. Accordingly, Plaintiff seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction issue against defendant M/V QING QUAN SHAN her engines, freights, apparel, appurtenances, tackle, etc., *in rem*, including the issuance of a warrant for the arrest of the M/V QING QUAN SHAN, and that the said Vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein;

B. That judgment be entered in favor of Plaintiff and against the Defendant M/V QING QUAN SHAN *in rem*, for the amount pled herein as well as for interest, costs, attorney fees, and disbursements for this action;

C. That the M/V QING QUAN SHAN, her engines, freights, apparel, appurtenances, tackle, etc., *in rem*, after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Plaintiff out of the proceeds of the said sale, the full amount of its claim, together with interest, costs and attorney's fees;

D. That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

Respectfully Submitted,

Dated: April 12, 2017
Houston, Texas

CHALOS & CO., P.C.

By: /s/ Sean D. Kennedy
Sean D. Kennedy
LA Bar No. 31809
George A. Gaitas
LA Bar No. 05879
Briton P. Sparkman
(*pro hac vice* application forthcoming)
7210 Tickner Street
Houston, TX 77055
PH: (713) 574-9582
FX: (866) 702-4577

*Attorneys for Plaintiff*
*Praxis Energy Agents Pte. Ltd.*